UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ARIANNA S. LEPORE,

          **Plaintiff,**

     -against-

**BLUE RIDGE REAL ESTATE
COMPANY, APPLETREE
MANAGEMENT GROUP, INC.,
APPLETREE MARKETING AND
REALTY (XYZ CORP.)
d/b/a APPLETREE MARKETING &
REALTY, and ERIC COTTONE,**

          **Defendants.**
------------------------------------------------------------ x

**MEMORANDUM AND ORDER**
**08-CV-2028 (NG) (LB)**

**GERSHON, United States District Judge:**

     Plaintiff Arianna S. Lepore commenced this action on March 31, 2008 by filing a complaint in New York State Supreme Court, County of Kings. On May 20, 2008, defendants Appletree Management Group, Inc., Appletree Marketing and Realty (XYZ Corp.), d/b/a Appletree Marketing & Realty (together, "Appletree") filed a notice of removal to this court under 28 U.S.C. §§ 1441, 1446 asserting that, notwithstanding that defendant Cottone and plaintiff are not of diverse citizenship, the court may exercise its diversity jurisdiction because Cottone has been fraudulently joined. Plaintiff now moves to remand. Her motion is granted.

## BACKGROUND

     The following allegations are taken from plaintiff's complaint and considered true for purposes of this motion.

     Plaintiff is a New York resident. Defendants Blue Ridge Real Estate Company ("Blue Ridge") and Appletree are Pennsylvania companies. Defendant Eric Cottone is a New York

resident. On or about February 17, 2008, Blue Ridge owned rental property located near a ski resort in Blakeslee, Pennsylvania (the "Premises"). Appletree operated and managed the Premises. Prior to February 17, 2008, Cottone entered an agreement with Blue Ridge and Appletree to rent a dwelling at the Premises. On February 17, 2008, pursuant to this agreement, Cottone possessed the dwelling. On this day, plaintiff was lawfully on the Premises. As the result of all defendants' negligence in operating, maintaining, and managing the Premises, a dangerous defect located at and around the entryway of the Premises caused plaintiff to fall and sustain serious personal injuries.

## DISCUSSION

**I.  Removal**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a), which states in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $ 75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is proper only when there is "complete diversity," which does not exist if any plaintiff is a citizen of the same state of any defendant. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

The removal statute is construed according to federal law. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1047 (2d Cir. 1991). Because federal courts are courts of limited jurisdiction, removal statutes are narrowly construed and doubts are resolved against removal. *Id.* at 1045-46.

When removal is challenged, the removing party bears the burden of establishing that the requirements for diversity jurisdiction are met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000).

Plaintiff claims that this action was removed improperly because Cottone, like plaintiff, is a citizen of New York, thus destroying the complete diversity of citizenship essential to the exercise of removal jurisdiction. 28 U.S.C. § 1441(a). Defendants rejoin that Cottone has been fraudulently joined and must be dismissed from the action.

## II.     Fraudulent Joinder

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1988). Where the claim of fraudulent joinder is not based on outright fraud but, as it is here, on the argument that "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court," *id.* at 461, the legitimacy of joinder is determined on the basis of the pleadings alone. *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 284-85 (S.D.N.Y. 2001). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

At issue here is only whether there is "no possibility" that plaintiff can state a cause of action against Cottone. Stated differently, the court must determine whether there is no "reasonable basis for predicting liability on the claims alleged." *Id.* at 280 n.4.

Plaintiff argues in her moving papers that the complaint states a negligence claim against the non-diverse defendant, Cottone, under New York law and, therefore, defendants are unable to meet

3

the test for fraudulent joinder. In opposition, defendants argue that the law applicable to the negligence claim is that of Pennsylvania, under which, they assert, a short-term occupant cannot be liable for negligent maintenance of a premises. In the alternative, they argue that New York law also precludes plaintiff's claim against Cottone. Plaintiff replies that both New York and Pennsylvania law would allow her claim against Cottone to proceed. As discussed below, the court's research reveals that neither Pennsylvania law nor New York law forecloses the *possibility* that a defendant such as Cottone may be liable for negligence under the circumstances alleged in the complaint.[1] Defendants provide no authority to the contrary.

Under New York premises liability law, the common law distinctions regarding trespassers, invitees, and licensees, which had defined the possessor's duty of care, have been abandoned in favor of "adherence to the single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability." *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976). Thus, "[a]n owner or tenant in possession of real property owes a duty of reasonable care to maintain the property in a safe condition." *Sullivan v. Specialty Glass Corp.*, 229 A.D.2d 572 (2d Dept. 1996), citing *Basso*, 40 N.Y.2d at 241. "The determinative question is one of possession or control." *Id*.; *see also Cohen v. Cent. Parking Sys.*, 303 A.D.2d 353, 354 (2d Dept. 2003) ("A tenant may be held liable for a dangerous or defective condition on the premises it occupies, even where the landlord has explicitly agreed in the lease to maintain the premises and keep it in good repair.").

Under Pennsylvania law, "[t]he standard of care a possessor of land owes to one who enters

---

[1] Accordingly, because Pennsylvania law and New York law appear to be in accord as to the precise question presented here, *i.e.*, whether a claim against Cottone is possible, no choice-of-law determination is necessary on this motion. *See Allstate Ins. Co. v. Stolarz*, 81 N.Y.2d 219, 225 (1993).

4

upon the land depends upon whether the person entering is a trespasser, licensee or invitee." *Carrender v. Fitterer*, 503 Pa. 178, 184 (1983). In this regard, Pennsylvania follows the Restatement (Second) of Torts. *See Ott v. Unclaimed Freight Co.*, 395 Pa. Super. 483, 488 (Pa. Super. Ct. 1990). Based on the alleged facts, there is a reasonable basis to conclude that Pennsylvania would classify plaintiff as a licensee, *see* § 330 of the Restatement (a licensee is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent"); *Davies v. McDowell Nat'l Bank*, 407 Pa. 209, 213 (1962) ("Social guests are gratuitous licensees."), and not as a trespasser, *see* § 329 of the Restatement, or an invitee, *see* § 332 of the Restatement.[2]

The duty of care owed to licensees is as follows:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

Restatement (Second) of Torts § 342; *see also Silver v. Hause*, 285 Pa. 166, 170 (1926) ("a tenant in possession and control of the premises is liable for loss arising from his failure to exercise reasonable care in keeping the property in safe condition . . . . But this duty continues only so long

---

[2] Restatement (Second) of Torts § 332 describes an invitee as follows:

（1) An invitee is either a public invitee or a business visitor.
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land.

as the control of the building, with the attendant responsibility to maintain it in proper condition, is in the hands of the lessee") (internal citations omitted).

Based on these authorities, the court finds that defendants cannot meet their burden under *Pampillonia* of demonstrating "that there is no possibility, based on the pleadings, that . . . plaintiff can state a cause of action against" Cottone for negligent maintenance of the Premises. The complaint alleges that Cottone was the tenant in possession of the dwelling and that his negligent maintenance of the Premises, along with that of Blue Ridge and Appletree, resulted in the dangerous defect which caused plaintiff's fall and subsequent serious injury. Assuming these allegations are borne out by discovery, Cottone could be liable for plaintiff's injury under either New York or Pennsylvania law. Accordingly, there is at least a "reasonable basis for predicting liability on the claim[] alleged" against Cottone. *Rezulin*, 133 F. Supp. 2d at 280 n.4. Defendants have thus failed to demonstrate that Cottone has been fraudulently joined.

## CONCLUSION

Because defendant Appletree has not carried its burden with respect to fraudulent joinder, the court finds it lacks subject matter jurisdiction over this case. Accordingly, plaintiff's motion to remand is granted, and the Clerk of Court is directed to remand the action to New York State Supreme Court, Kings County.

**SO ORDERED.**

   */S/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

**Dated: July 31, 2008**
   **Brooklyn, New York**